# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **INITIAL APPEARANCE** |
| | on Criminal Complaint |
| v. | |
| **THOMAS DONNELLY** | CASE NUMBER **25-mj-112** |

HONORABLE WILLIAM E. DUFFIN, presiding  
Deputy Clerk: Linda M. Zik  
Hearing Held: June 18, 2025 at 4:00 p.m.  

Court Reporter: Liberty  
Hearing Began: <u>4:04 p.m.</u>  
Hearing Ended: <u>4:26 p.m.</u>

**Appearances:**

UNITED STATES OF AMERICA by: Porchia Lewand for Abbey Marzick  
THOMAS DONNELLY, in person, and by: Gabriela Leija  ☐ CJA  ☑ FDS  ☐ RET  
U.S. PROBATION OFFICE by: Hannah Behnke  
INTERPRETER: ☑ None  ☐ Sworn

☑ Defendant advised of rights  
☑ Defendant advised of charges, penalties, and fines  
☑ Counsel advised of *Brady v. Maryland* requirements (*See* Order below)  
☑ **Preliminary Hearing set for July 2, 2025 at 9:00 a.m.**

Maximum Penalties:  
20 years Imprisonment; $250,000 Fine; 5 years Supervised Release; $100.00 Special Assessment  
5 to 20 years Imprisonment; $250,000 Fine; 5 years Supervised Release; $100.00 Special Assessment  
15 to 30 years Imprisonment; $250,000 Fine; 5 years Supervised Release; $100.00 Special Assessment

**IT IS HEREBY ORDERED** that as required by Federal Rule of Criminal Procedure 5(f), the court **ORDERS** that the government must produce all exculpatory information to the defendant(s) as required by *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny. Failure to comply with this order in a timely manner may result in sanctions, including exclusion of evidence, adverse jury instructions, dismissal of charges and contempt proceedings.

THOMAS DONNELLY                                                                    25-mj-112

Bond Status:

The parties have the Pretrial Services Report

GOVT seeks detention
- Danger to the public
- Significant evidence has been uncovered
- Case involves more than mere possession of child pornography
- Potential retaliation / intimidation; deft threatened to hurt the victim
- Need to protect other minors – violent nature of allegations
- No conditions can protect the public

DEFT argues for release
- The conversations / allegations took place in 2023 so it is dated
- Paragraph 10 of criminal complaint addressed
- The deft blocked the victim so she could not contact him
- There is no support or any evidence of allegations made by other people
- Video addressed has not been received
- Allegations are not corroborated; evidence is based upon statements made; allegations are from 2023, 2024 and now it is 2025
- If threats occurred, it would have been in the past before deft blocked the victim
- With the time that has passed the threat is diminished
- Release on conditions; no allegations he touched anyone
- He provided the password to his computer in his home to agents; appears nothing was found in the device
- He has worked at the same company for 11 years; he is able to maintain his employment; he receives insurance through his company and needs it due to his health
- Cooperative during arrest
- No prior criminal record
- Has a home to return to with his girlfriend
- Has mental health struggles that inhibited his continued education

GOVT
- Standard for detention today is probable cause
- Allegations are made by more than one person
- He possessed and sent material to a child
- Continued behavior by him; March 30, 2025 there was an upload of another image
- This is an ongoing investigation; more evidence will be uncovered
- There is a risk of harm to the people he had contact with

COURT
- Presumption case – involves a minor victim
- GOVT needs to show by clear and convincing evidence regarding safety to community
- Allegations are different than many other possession cases; there is more direct contact with the victims by the defendant
- The nature of the contact is issuing threats to the victims/family/strangers
- Govt has shown by clear and convincing evidence that no conditions exist for release

**DEFENDANT T IS ORDERED DETAINED PENDING TRIAL**